UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BECKY MIETZ,

    Plaintiff,

v.

COUNTY OF BAY,

    Defendant.

_____/

Case No. 26-
Hon.

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com

_____/

## **PLAINTIFF'S COMPLAINT & DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff, BECKY MIETZ, by and through her attorneys, THE

MASTROMARCO FIRM, and hereby complains against Defendant, COUNTY OF

BAY, stating as follows:

## **COMMON ALLEGATIONS**

1.     That Plaintiff is a resident of the County of Bay, State of Michigan and

is otherwise domiciled in the State of Michigan.

2. That Defendant is a municipal corporation comprising the County of Bay, State of Michigan and is otherwise domiciled in the State of Michigan.

3. That the amount in controversy exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($27,000.00), exclusive of costs, interest, and attorney fees.

4. That this Honorable Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. That at all times material hereto, Defendant operates a Department on Aging.

6. That on or about July 19, 2024, Defendant offered Plaintiff full-time employment as a Case Management Worker in the Bay County Department on Aging.

7. That Plaintiff subsequently accepted Defendant's offer and began working for Defendant effective August 6, 2024.

8. That at all times material hereto, Plaintiff's immediate supervisor was Jessica Somerlott, Senior Services Manager, who reported to Elizabeth Eurich, Director.

9. That at all times material hereto, Plaintiff performed her job duties in a satisfactory and/or an above-satisfactory manner and was frequently praised for her

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

performance.

10. That on or about Friday, October 18, 2024, Plaintiff utilized available sick time to cover an absence caused by Plaintiff experiencing cardiac-related symptoms.

11. That on or about Sunday, October 20, 2024, Plaintiff informed Ms. Somerlott and Ms. Eurich that she was admitted to the hospital over the weekend and had been discharged earlier that morning.

12. That Plaintiff further advised that she needed to follow up with her primary care physician the following day, Monday, October 21, 2024, and would need to use sick time to cover that absence.

13. That on or about October 21, 2024, Plaintiff visited her primary care physician, who took her off work from October 21, 2024 through October 27, 2024.

14. That also on or about October 21, 2024, Plaintiff provided a copy of her physician note taking her off work to Ms. Somerlott and Ms. Eurich.

15. That while on said leave of absence, Plaintiff remained in communication with Ms. Somerlott and Ms. Eurich.

16. That on or about October 25, 2024, Plaintiff provided Ms. Somerlott and Ms. Eurich an update on her ongoing medical situation, indicating that she had been diagnosed with a dysfunctional heart valve and needed to undergo further testing.

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

17.     That Plaintiff's dysfunctional heart valve constituted a "disability" as it was a physical characteristic that substantially limited one or more major life activities.

18.     That Plaintiff further reported that she needed to visit two separate cardiologists and due to the non-emergency nature of her medical condition there would be a delay until she could get into see both physicians.

19.     That Ms. Eurich informed Plaintiff that if she needed additional time off, she would need to submit an updated physician note.

20.     That on or about October 28, 2024, Plaintiff obtained an updated physician note, taking her off work from October 28, 2024 to November 3, 2024.

21.     That on or about October 29, 2024, Ms. Eurich advised Plaintiff could request a Personal Leave as provided in the Bay County Association of Managers, Professionals and Supervisors collective bargaining agreement.

22.     That Section 14.2 of said collective bargaining agreement specifically provides:

> Upon written request, an employee may be granted an unpaid leave of absence by the Personnel Director and their Department Head without fringe benefit continuation and/or accrual (such as, but not limited to, vacation, sick leave, holidays and health insurance), not to exceed one (1) year in duration.

23.     That on or about November 1, 2024, Plaintiff submitted a written request for a personal leave of absence pursuant to Section 14.2 of the above-quoted

4

collective bargaining agreement from November 4, 2024 through February 28, 2025.

24. That Plaintiff further enclosed a physician note, dated November 1, 2024, taking Plaintiff off work from November 1, 2024 through March 1, 2025.

25. That also on or about November 1, 2024, Ms. Eurich confirmed receipt and noted she would be speaking with the Personnel Department.

26. That on or about November 7, 2024, Tiffany Jerry, Director of the Personnel Department wrote Plaintiff regarding her request for an unpaid leave of absence.

27. That Ms. Jerry stated, in part:

On Friday, November 1, 2024, you requested an unpaid leave through March 1, 2025. After careful consideration of the ongoing needs of the department and your request, we are unable to grant your request.

Based on the documentation you provided, you are unable to perform the functions of your job until at least March 1, 2025 therefore, with the unpaid leave request denied, your last date of employment will be considered November 7, 2024.

28. That Defendant failed to advise Plaintiff why it was unable to accommodate her cardiac-related disability and her request for an unpaid leave of absence in accordance with Defendant's policies and procedures.

29. That Defendant refused to accommodate and discriminated against Plaintiff based on her disability.

30. That Defendant failed to proffered legitimate, non-discriminatory reasons for refusing to grant Plaintiff a leave of absence and terminating her

employment.

31.     That any reasons proffered by Defendant are pretextual in nature.

32.     That any reasons proffered by Defendant are either not based in fact, did not actually motivate the decision, and/or were too insignificant to warrant the action taken.

33.     That Defendant's actions constitute disability discrimination in violation of 42 U.S.C. § 1983.

34.     That Defendant's actions constitute disability discrimination in violation of the Michigan Persons with Disabilities Civil Rights Act.

35.      That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, overtime pay, raises, bonuses, paid time off, health, dental, vision, and/or life insurance benefits, short-term and/or long-term disability benefits, pension and/or retirement benefits, employer contributions, and any and all other compensation and fringe benefits lost to Plaintiff along with an additional amount to offset any negative tax consequences incurred as a result of recovery.

36.     That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, mortification,

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

37.    That Plaintiff hereby claims the costs of this action and reasonable attorney fees pursuant to 42 U.S.C. § 1988.

38.    That Plaintiff hereby claims reasonable attorney fees pursuant to M.C.L. § 37.1606.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT I – DISABILITY DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1983

39.    That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 38 of her Common Allegations, word for word and paragraph for paragraph as if fully restated herein.

40.    That 42 U.S.C. § 1983 provides that every person who, under the color of State law, deprives a citizen of the United States any rights or privileges secured by the Constitution shall be liable to the injured party at law or in equity.

41.    That the Fourteenth Amendment provides, in pertinent part:

No State shall . . . deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws.

7

U.S. CONST. amend. XIV, § 1.

42.     That the Fourteenth Amendment prohibits discrimination based on a disability. *See Bullington v. Bedford County, Tenn.*, 905 F.3d 467 (6th Cir. 2018).

43.     That at all times material hereto, Plaintiff experienced a "disability" by virtue of her dysfunctional heart valve and cardiac-related medical conditions.

44.     That Plaintiff's "disability" was unrelated to her ability to perform the duties of her job.

45.     That Plaintiff's "disability" did not prevent her, with or without accommodation, from performing the duties of her job.

46.     That at all times material hereto, Plaintiff's "disability" did not interfere with her ability to request and take a personal leave of absence.

47.     That Defendant denied Plaintiff's request for personal leave because of her disability.

48.     That Defendant terminated Plaintiff's employment because of her disability.

49.     That Defendant failed to advise Plaintiff why it was unable to accommodate her cardiac-related disability and her request for an unpaid leave of absence in accordance with Defendant's policies and procedures.

50.     That Defendant refused to accommodate and discriminated against Plaintiff based on her disability.

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

51.     That Defendant failed to proffered legitimate, non-discriminatory reasons for refusing to grant Plaintiff a leave of absence and terminating her employment.

52.     That any reasons proffered by Defendant are pretextual in nature.

53.     That any reasons proffered by Defendant are either not based in fact, did not actually motivate the decision, and/or were too insignificant to warrant the action taken.

54.     That Defendant is not entitled to any qualified or absolute immunity.

55.     That at all times material hereto, the relevant decision-makers acted pursuant to Defendant's policies and/or customs.

56.     That Defendant's actions constitute disability discrimination in violation of 42 U.S.C. § 1983.

57.     That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, overtime pay, raises, bonuses, paid time off, health, dental, vision, and/or life insurance benefits, short-term and/or long-term disability benefits, pension and/or retirement benefits, employer contributions, and any and all other compensation and fringe benefits lost to Plaintiff along with an additional amount to offset any negative tax consequences incurred as a result of recovery.

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

58. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, mortification, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

59. That Plaintiff hereby claims the costs of this action and reasonable attorney fees pursuant to 42 U.S.C. § 1988.

60. That Plaintiff hereby claims reasonable attorney fees pursuant to M.C.L. § 37.1606.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT II – DISABILITY DISCRIMINATION IN VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

61. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 38 of her Common Allegations and paragraphs 39 through 60 of Count I, word for word and paragraph for paragraph as if fully restated herein.

62. That the Michigan Persons with Disabilities Civil Rights Act declares that the opportunity to obtain employment without discrimination because of a

disability is guaranteed and is a civil right.  M.C.L. § 37.1102(1).

63.    That at all times material hereto, Plaintiff experienced a "disability" as defined by the Act.  M.C.L. § 37.1103(d)(*i*).

64.    That at all times material hereto, Plaintiff experienced a determinable physical characteristic that substantially limited one or more major life activities and was unrelated to her ability to perform her job duties.  M.C.L. § 37.1103(d)(*i*)(A).

65.    That at all times material hereto, Plaintiff's "disability" did not prevent her, with or without accommodation, from performing the duties of her job.  M.C.L. § 37.1103(*l*)(*i*).

66.    That Defendant discriminated against Plaintiff in one or more of the ways prohibited by the Act.

67.    That the Act makes it unlawful for an employer to discharge or otherwise discriminate against an individual with respect to compensation or the terms, conditions, or privileges of employment, because of a disability that is unrelated to the individual's ability to perform the duties of a particular job.  M.C.L. § 37.1202(1)(b).

68.    That Defendant denied Plaintiff's request for personal leave because of her disability.

69.    That Defendant terminated Plaintiff's employment because of her disability.

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

70.     That Defendant failed to advise Plaintiff why it was unable to accommodate her cardiac-related disability and her request for an unpaid leave of absence in accordance with Defendant's policies and procedures.

71.     That Defendant refused to accommodate and discriminated against Plaintiff based on her disability.

72.     That Defendant failed to proffered legitimate, non-discriminatory reasons for refusing to grant Plaintiff a leave of absence and terminating her employment.

73.     That any reasons proffered by Defendant are pretextual in nature.

74.     That any reasons proffered by Defendant are either not based in fact, did not actually motivate the decision, and/or were too insignificant to warrant the action taken.

75.     That Defendant's actions constitute disability discrimination in violation of the Michigan Persons with Disabilities Civil Rights Act.

76.      That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, overtime pay, raises, bonuses, paid time off, health, dental, vision, and/or life insurance benefits, short-term and/or long-term disability benefits, pension and/or retirement benefits, employer contributions, and any and all other compensation and fringe benefits lost to Plaintiff along with

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

an additional amount to offset any negative tax consequences incurred as a result of recovery.

77.     That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, mortification, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

78.     That Plaintiff hereby claims reasonable attorney fees pursuant to M.C.L. § 37.1606.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

Respectfully submitted,
THE MASTROMARCO FIRM

Dated: April 1, 2026          By:     /s/ Victor J. Mastromarco, Jr.
                                      VICTOR J. MASTROMARCO, JR. (P34564)
                                      KEVIN J. KELLY (P74546)
                                      Attorneys for Plaintiff
                                      1024 N. Michigan Avenue
                                      Saginaw, Michigan 48602
                                      (989) 752-1414

## PLAINTIFF'S DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, BECKY MIETZ, by and through her attorneys, THE MASTROMARCO FIRM, and hereby demands a trial by jury on all the above issues, unless otherwise expressly waived.

Respectfully submitted,
THE MASTROMARCO FIRM

Dated: <u>April 1, 2026</u>    By:   */s/ Victor J. Mastromarco, Jr.*
            VICTOR J. MASTROMARCO, JR. (P34564)
            KEVIN J. KELLY (P74546)
            Attorneys for Plaintiff
            1024 N. Michigan Avenue
            Saginaw, Michigan 48602
            (989) 752-1414